# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHAPAT NABAYA,

    *Plaintiff*,

v.

C.J. BYRON, *et al.*,

    *Defendants.*

Civil Action No. 16-2536 (RDM)

## MEMORANDUM OPINION

This matter is before the Court on motions to dismiss by each of the three defendants, C.J. Byron, Dkt. 16, the Honorable Thomas Vaughn, Dkt. 8, and Nicholas Simopoulos, Dkt. 13, as well as plaintiff Shapat Nabaya's motion to strike Judge Vaughn's motion to dismiss, Dkt. 10. As explained below, the Court will deny Nabaya's motion to strike and will grant defendants' motions to dismiss.

## I. BACKGROUND

Proceeding *pro se*, Nabaya asserts claims against three defendants, all arising out of a traffic stop in Chesterfield County, Virginia. The dispute started when Nabaya received a summons to appear in the Chesterfield General District Court on a charge of driving with a suspended or revoked license. Dkt. 1-1 at 1–2. The summons was issued by defendant C.J. Byron, a Chesterfield Police Officer. *Id.* Two weeks later, Nabaya filed this action against Byron. Dkt. 1. The complaint alleges that Byron seized Nabaya without probable cause and without a warrant and forced him to sign the summons, purportedly violating Nabaya's rights under the Fourth, Fifth, and Sixth Amendments to the U.S. Constitution. Dkt. 1 at 4–5. Nabaya alleges that the summons was "defective," Dkt. 1 at 4, because he is a "sovereign national" who

has "renounce[d] [his] U.S. [c]itizenship," Dkt. 1-1 at 11, and because Virginia "does not issue driver[s'] licenses to non-citizens and foreigners," *id.* at 3, such as himself.

Nabaya timely filed an amended complaint as of right, adding the Honorable Thomas Vaughn as a defendant. Dkt. 4. Judge Vaughn is a presiding judge on the Chesterfield General District Court and was apparently assigned to Nabaya's criminal proceeding. Nabaya alleges that Judge Vaughn violated his rights under the First, Fourth, Fifth, and Sixth Amendments "by holding a [pre-trial] hearing while denying . . . Nabaya the right to face his accuser." *Id.* at 1. Nabaya also claims that Byron and Judge Vaughn defamed him by "accusing [him] of being a U.S. [c]itizen." *Id.* at 2.

Judge Vaughn has moved to dismiss. Dkt. 8. He argues (1) that this Court lacks subject-matter jurisdiction; (2) that it also lacks personal jurisdiction; (3) that the amended complaint fails to state a claim upon which relief can be granted; and (4) that he is entitled to absolute judicial immunity. *Id.* Because Nabaya is proceeding *pro se*, the Court advised him that "[f]ail[ing] to respond" to the motion to dismiss could "result in the Court granting the motion . . . and dismissing [his] [c]omplaint." Dkt. 9 at 1. In addition, the Court explained that if "his opposition fail[ed] to address any particular argument raised in [Judge Vaughn's] motion, that argument [could] be treated as conceded." *Id.*

Nabaya did not respond to any of the arguments raised in Judge Vaughn's motion to dismiss. Instead, he moved to strike the motion on the grounds that Judge Vaughn's counsel, Senior Assistant Attorney General Nicholas Simopoulos, "[did] not fil[e] his oath [of office], bond and letter of good standing . . . with the District of Columbia Court of Appeals" and therefore "is not an officer of the court." Dkt. 10.

Finally, Nabaya purported to amend his complaint a second time to add Simopoulos as a defendant. Dkt. 11. Nabaya alleges that Simopoulos, by failing to file the documents described above, committed perjury under 18 U.S.C. § 1623, a federal criminal statute. *Id.* at 2. Subsequently, Simopoulos and Byron filed separate motions to dismiss, raising largely the same arguments presented in Judge Vaughn's motion. *See* Dkt. 13 (Simopoulos's motion); Dkt. 16 (Byron's motion). Instead of absolute immunity, however, they assert that they are entitled to qualified immunity. Dkt. 13 at 16–18; Dkt. 16 at 2. Nabaya did not respond to either motion despite further warnings from the Court. *See* Dkt. 15; Dkt. 18; Dkt. 19.

## II. ANALYSIS

### A. Byron and Judge Vaughn's Motions To Dismiss for Lack of Personal Jurisdiction

The Court first concludes that it lacks personal jurisdiction over Byron and Judge Vaughn.[1] Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff "[bears] the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant," *Crane v. New York Zoological Soc.*, 894 F.2d 454, 456 (D.C. Cir. 1990), and "must make a *prima facie* showing of the pertinent jurisdictional facts," *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571

---

[1] District courts may dismiss an action for want of personal jurisdiction before determining whether they possess subject-matter jurisdiction over the dispute. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("A court that dismisses on . . . non-merits grounds such as . . . personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates . . . separation of powers principles." (quoting *In re Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998))); *cf. Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) ("[A]bstention doctrine[s] . . . [and] the prudential standing doctrine . . . represent the sort of 'threshold question[s]' [that] may be resolved before addressing jurisdiction.").

U.S. ---, 134 S. Ct. 746, 753 (2014). Accordingly, courts in this district typically look to D.C. law to determine whether they have personal jurisdiction.

Two provisions of D.C. law merit brief consideration here. First, D.C. law permits a court to exercise general jurisdiction over a defendant if the defendant is "domiciled in" the District of Columbia. D.C. Code § 13-422. There is no evidence (or allegation), however, that either Byron or Judge Vaughn is domiciled in the District of Columbia. As a result, the Court cannot assert general jurisdiction over either defendant. Second, subject to certain limitations not relevant here, D.C. law permits a court to exercise specific jurisdiction over a defendant, if the defendant "transact[s] any business in the District of Columbia" or "caus[es] tortious injury in the District of Columbia by an act or omission outside the District of Columbia." D.C. Code § 13-423(a)(1), (4). To the extent that Nabaya alleges any jurisdictional facts with respect to Byron or Judge Vaughn, however, those allegations make clear that the events giving rise to Nabaya's claims occurred exclusively in Virginia. *See* Dkt. 1-1 at 1; Dkt. 4 at 1. The complaint is devoid of allegations that would permit the Court to conclude that Byron or Judge Vaughn is subject to specific jurisdiction under D.C. law.

The Court will, accordingly, grant Byron and Judge Vaughn's motions to dismiss for lack of personal jurisdiction.

**B.    Simopoulos's Motion To Dismiss For Failure To State a Claim**

The Court further concludes that Nabaya's second "amended complaint," even if properly filed, fails to state a claim against Simopoulos. *See* Dkt. 11. Before reaching the merits of Nabaya's claim against Simopoulos, however, the Court must consider Simopoulos's contention that the Court lacks subject-matter and personal jurisdiction.

Nabaya asserts that Simopoulos violated a federal statute, 18 U.S.C. § 1623, which makes it a crime knowingly to make a false declaration to a federal court. *Id.* § 1623(a). Therefore,

4

without reaching the merits of that claim, it is apparent that Nabaya has attempted to assert a claim under federal law. The Court, accordingly, has subject-matter jurisdiction to consider the merit—or lack of merit—of that federal-law claim.

The Court also concludes that it has personal jurisdiction over Simopoulos to consider Nabaya's contention that he committed a fraud on the Court. Although the complaint does not clearly delineate the basis for Nabaya's claim, it appears to assert that Simopoulos committed perjury under § 1623 by appearing as counsel in this action without first filing certain documents with the "District Court of Appeals." Dkt. 11. Because Nabaya's claim turns on conduct that occurred in a proceeding pending before this Court, it is safe to conclude that the Court possesses personal jurisdiction over Simopoulos for purposes of resolving that claim.

With respect to the substance of his claim, however, Nabaya is on far shakier ground. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The criminal statute that Simopoulos allegedly violated, however, does not create a private right of action, and Nabaya has not asserted any other claim against Simopoulos. The complaint, therefore, fails to state a claim upon which relief can be granted.

Finally, the Court notes that, even if 18 U.S.C. § 1623 provided a private right of action, or even if Nabaya identified an alternative cause of action relating to the propriety of Simopoulos's appearance before this Court, his claim would be frivolous. The Court may take judicial notice of the membership of its own bar, Fed. R. Evid. 201(b), and, here, the Court's records show that Simopoulos is, in fact, a duly admitted member of the bar of this Court. Nothing further was required of Simopoulos under the present circumstances. There was,

accordingly, nothing false or misleading about Simopoulos's appearance as counsel of record in this matter.  As a result, Nabaya cannot prevail on his claim against Simopoulos, and, for similar reasons, his request that the Court strike the motion to dismiss that Simopoulos filed on behalf of Judge Vaughn is equally frivolous.

## CONCLUSION

The Court, accordingly, will **DENY** Nabaya's motion to strike, Dkt. 10, and will **GRANT** the defendants' motions to dismiss, Dkt. 8; Dkt. 13; Dkt. 16.

A separate order will issue.

 /s/ Randolph D. Moss
 RANDOLPH D. MOSS
 United States District Judge

Date:  September 4, 2017